NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 7, 2011
Questions Certified June 13, 2011
Decided April 19, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

CHARLES N. CLEVERT, *District Judge*[*]

No. 10-3396

| | |
|---|---|
| Chicago Teachers Union, Local No. 1, American Federation of Teachers, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 10-CV-04852 |
| Board of Education of the City of Chicago, et al., *Defendants-Appellants*. | **David H. Coar**, *Judge*. |

**O R D E R**

This case comes to us on remand from the Illinois Supreme Court. Plaintiff Chicago Teachers Union ("Union") brought this suit against the Chicago Board of Education ("Board") to require the Board to give tenured teachers laid off during the summer of 2010—but who were not rehired—consideration for vacant positions and preference over new hires. The Union claimed that tenured teachers have "permanent" appointments under

[*]Hon. Charles N. Clevert, of the Eastern District of Wisconsin, sitting by designation.

Illinois law, and may be laid off only with recall rights. It was the Union's position that those rights gave rise to a federal property interest protected by the Due Process Clause of the Fourteenth Amendment. The Union sought an injunction, which the district court granted. The Board appealed and we originally affirmed. The Board filed a petition for rehearing and a petition for rehearing en banc; we granted the petition for rehearing, vacated our opinion, and certified three questions to the Supreme Court of Illinois:

> 1. Section 34-84 of the Illinois School Code provides that appointments of teachers become "permanent" after 3 years. This is commonly referred to as tenure. Does section 34-84 give laid-off tenured teachers either (1) the right to be rehired after an economic layoff, or (2) the right to certain procedures during the rehiring process? If so, what is the scope of that right?

> 2. Section 34-18(31) of the Illinois School Code empowers the Board of Education to promulgate rules governing layoff and recalls. It also provides certain criteria that the Board should consider when formulating those rules. In this case, no rules were formulated. Does section 34-18(31) or the limits it places on the Board's discretion give laid-off tenured teachers either (1) the right to be rehired after an economic layoff, or (2) the right to certain procedures during the rehiring process? If so, what is the scope of that right?

> 3. If neither section 34-84 nor section 34-18(31) standing alone gives laid-off tenured teachers substantive or procedural rights related to rehiring, when read in combination do they give those teachers either (1) the right to be rehired after an economic layoff, or (2) the right to certain procedures during the rehiring process? If so, what is the scope of that right?

*Chicago Teachers Union v. Board of Educ.*, 662 F.3d 761, 764-65 (7th Cir. 2011).

On February 17, 2012, the Illinois Supreme Court responded to our certified questions and "conclud[ed] that neither section 34-18(31) nor section 34-84 of the School Code, considered separately or together, gives laid-off tenured teachers either a substantive right to be rehired after an economic layoff or a right to certain procedures during the rehiring process." *Chicago Teachers Union v. Board of Educ.*, 2012 IL 112556, ¶ 32, 963 N.E.2d 918. Following this decision, the parties issued their statements of position in accordance with Circuit Rule 52(b). The Union filed a motion to remand so that it might amend its complaint to allege a new issue—namely, that in the absence of a right of recall, the Board failed to provide due process to which the teachers were entitled at the time of layoff. Alternatively, the Union requested a briefing schedule so that the parties could brief this new issue in light of the Illinois Supreme Court's decision. The Board opposed both the

motion to remand and the alternative request for a briefing schedule, arguing that the Union was procedurally barred from amending its complaint at this stage in the proceedings and, moreover, that the issue that the Union seeks to raise has already been pleaded and litigated at the district court.

On appeal we were presented with two due process claims that had been litigated to a final judgment below. *See Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996) ("A permanent injunction . . . is not provisional in nature, but rather is a final judgment."). That final judgment, which granted a preliminary and permanent injunction to the Union—the only relief the Union sought on those two claims—unquestionably must be vacated in light of the Illinois Supreme Court's decision. Thus, the issues before us on appeal have been completely resolved. The Union's request for leave to amend is therefore best brought before the district court in the first instance. For this court to grant the Union's motion to remand so that it may raise a new due process issue would go beyond the scope of this appeal and would unduly infringe on the province of the district court.

This is especially true here, where this case has been subjected to many additional proceedings in the district court while on appeal. This includes the district court's decision to consolidate a related case, *Price v. Board of Education, et al.*, No. 11-cv-4463 (N.D. Ill. July 20, 2011). There is currently a motion to dismiss pending in *Price*; the district court has noted that it is awaiting our opinion before ruling on that motion. Given this activity below, coupled with the Union's request for leave to amend to raise a new due process issue which is beyond the scope of this appeal, we **DENY** the Union's motion to remand to seek leave to amend and simply leave it to the Union to raise the issue of amendment with the district court in the first instance. Finally, in light of the Illinois Supreme Court's express determination that the relevant School Code provisions do not give rise to the substantive property rights sought by plaintiffs, we now **REVERSE** the judgment of the district court and **REMAND** with instructions to **VACATE** the preliminary and permanent injunctions.